IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ANDERSON V. REEVES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

BETHANY ANDERSON, APPELLANT,

V.

BRIAN REEVES, JR., APPELLEE.

Filed March 16, 2021.    No. A-20-533.

Appeal from the District Court for Adams County: STEPHEN R. ILLINGWORTH, Judge. Affirmed.

Charles R. Maser for appellant.

No appearance for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Bethany Anderson appeals from an order of the district court for Adams County awarding her legal and physical custody of her minor child, Brian Reeves III, and awarding the child's father, Brian Reeves, Jr. (Reeves), parenting time. Based on the reasons that follow, we affirm.

## BACKGROUND

Brian Reeves III was born in February 2019. On December 23, 2019, Anderson filed a complaint to establish paternity, custody, visitation, and child support. Anderson alleged that Reeves was the child's father. Anderson and Reeves dated for about a year before the child was born; they were never married. Their relationship ended on October 4, 2019.

On January 13, 2020, Anderson filed an application for ex parte order asking the court to award her temporary care, custody, and control of the minor child after Reeves refused to return

- 1 -

the child to her following parenting time with the child. The trial court entered an ex parte order on January 14 granting Anderson temporary custody.

On February 18, 2020, the trial court entered a temporary order finding Reeves to be the minor child's biological father, as Reeves had acknowledged paternity. The trial court awarded Anderson temporary legal and physical custody, and awarded Reeves supervised parenting time for 4 hours every other Saturday.

Trial was held on Anderson's complaint in June 2020. The evidence showed that after the minor child was born in February 2019, Reeves lived with Anderson and the child until May 8, at which time Reeves moved in with his sister. Anderson testified that Reeves was a good father during that time. Between May 8, 2019 and January 12, 2020, Reeves would take care of the minor child on weekends when Anderson was working.

On January 12, 2020, Reeves had parenting time and refused to return the child to Anderson. Reeves claimed his refusal was due to the roads being icy, but Anderson testified that the roads were not icy at that time. Reeves did not return the minor child to Anderson until the court entered the ex parte order on January 14 requiring him to do so.

Reeves has had some issues with drugs in the past. He was convicted of delivery of methamphetamines in 2007 and sentenced in 2010 to 36 to 48 months' imprisonment. In July 2018, Reeves fell off a roof while under the influence of cocaine, marijuana, and alcohol. He was injured and at the time of trial he was still suffering from his injuries and was not working. Anderson also testified that on more than one occasion she believed Reeves to be under the influence of something. No time frame or circumstances were given. Anderson testified that Reeves has never addressed his alcohol or drug issues. Reeves testified that he had not taken any drugs for 10 years before the night he fell off the roof and has not taken any since. He stated that he does consume alcohol on occasion.

Anderson also believed that Reeves had some anger issues that needed to be addressed. She presented text messages between the parties that she believed showed "his anger, his sarcasm to anger, his blaming of his anger on [her]." She testified that in June 2019 and October 2019 Reeves threatened to burn down her house and to stab her brother if she tried to take the minor child away from him. She also testified that Reeves threatened to take the child and move to California. Reeves testified that Anderson threatened to have her brother beat him up. He further testified that he has never had a confrontation with Anderson's brother.

Anderson was asked what concerns she had about Reeves having overnight parenting time and she responded that she was concerned about "[the child's] comfort level, if he would be comfortable," as well as how much stress Reeves could handle in caring for the child. She testified that she wanted Reeves to have supervised parenting time until he goes to counseling and has stability with his emotions and substance abuse.

Reeves was living with his sister, her husband and their children, and his father. He testified that he would babysit his sister's children and in exchange she would buy him necessities. He had no source of income. At the time of trial he had applied for disability benefits and a hearing was scheduled. He had previously been denied disability benefits twice.

A long-time friend of Anderson's also testified. She stated that she had seen Reeves interact with the minor child and he did a good job caring for his son. She did not observe any issues of concern.

Following trial, the court entered an order awarding Anderson sole legal and physical custody of the minor child and awarding Reeves parenting time to be implemented in three phases. The court ordered that Reeves would initially have supervised parenting time for 4 hours every other Saturday, just as he had in the temporary order. After six supervised visits, he would have unsupervised parenting time for 7 hours every other Saturday. After 3 months of the second phase, Reeves would have unsupervised parenting time every other weekend from Friday to Sunday.

## ASSIGNMENTS OF ERROR

Anderson assigns that the trial court erred in (1) granting Reeves unsupervised parenting time before he obtained a drug and alcohol evaluation and received mental health counseling, and (2) failing to state in the order that all transportation with the child must be provided by safe and reliable parties.

## STANDARD OF REVIEW

In a filiation proceeding, questions concerning child custody determinations are reviewed on appeal de novo on the record to determine whether there has been an abuse of discretion by the trial court, whose judgment will be upheld in the absence of an abuse of discretion. A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State on behalf of Kaaden S. v. Jeffery T.*, 303 Neb. 933, 932 N.W.2d 692 (2019).

## ANALYSIS

Anderson first assigns that the trial court erred in granting Reeves unsupervised parenting time before he obtained a drug and alcohol evaluation and received counseling for substance abuse and anger management. There was evidence that Reeves' history includes instances of drug use. Anderson also presented evidence to support her concerns about Reeves' anger management. She claims he has not addressed these issues through counseling and until he does so, his parenting time should be supervised to ensure that the child is safe.

Reeves' one and only conviction related to drug use was in 2007. The only other specific evidence of other drug use was in July 2018, when he fell off a roof. He testified that prior to the roof incident he had not used any drugs for 10 years and had not used any drugs since the roof incident. Anderson did not present any evidence to dispute Reeves' testimony. Further, even if Reeves did have a substance abuse issue in the past, there was no evidence that he had been using alcohol or drugs in recent years. The court also noted in its order that Anderson could refuse to turn the child over if Reeves was impaired at the time of an exchange or file for an ex parte order suspending parenting time if she ever observed him impaired.

In regard to Anderson's concerns about Reeves' anger management, there was no evidence that he has ever taken any anger out on the child or ever put the child in danger. Anderson herself testified that Reeves did a good job of parenting the child when they lived together for a few months after he was born. A good friend of Anderson's also testified that Reeves appropriately cared for his son.

We also note that the trial court did not award Reeves unsupervised parenting time immediately. Rather, the trial court ordered that his parenting time would continue to be supervised

for six visits, just as it had been in the temporary order, and then would move to unsupervised. In addition, the court noted that there was also a safety net because Reeves' visits will occur at his sister's home, implying there often will be other individuals present in the home during his unsupervised parenting time.

Based on our de novo review, the evidence does not support a need for Reeves to complete a drug and alcohol evaluation and to attend counseling for drug use and anger issues. Accordingly, the trial court did not err in failing to order such requirements before Reeves would be entitled to unsupervised parenting time. Anderson's first assignment of error fails.

Anderson also assigns that the trial court erred in failing to state in the order that all transportation with the child must be provided by safe and reliable parties. There was no evidence that Reeves had transported the child in an unsafe manner or had allowed any other party to do so. This assignment of error also fails.

CONCLUSION

We conclude that the trial court did not abuse its discretion in granting Reeves unsupervised parenting time before he obtained a drug and alcohol evaluation and received counseling, or in failing to state that all transportation with the child must be provided by safe and reliable parties. Accordingly, the order of the district court is affirmed.

AFFIRMED.